**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARISA WOODHOUSE, on behalf of herself | ) | |
| and others similarly situated, | ) | |
|     Plaintiffs, | ) | 09 C 5593 |
| | ) | |
|        v. | ) | Judge Pallmeyer |
| | ) | |
| LINEBARGER GOGGAN | ) | |
| BLAIR & SAMPSON, LLP, | ) | |
|     Defendant. | ) | |

## SECOND AMENDED COMPLAINT

## CLASS ACTION

1.      Plaintiff Marisa Woodhouse brings this action to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction under 28 U.S.C. §§1331, 1332(d) and 1367. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

3.      On information and belief the amount in controversy, with respect to the class as a whole, exceeds $5 million.

4.      Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5.      Marisa Woodhouse is an individual who resides in Cook County.

6.      Linebarger Groggan Blair & Sampson, LLP ("LGBS") is a limited liability partnership that specializes in collecting debts allegedly owed to municipalities.  According to

its website, www.publicans.com, LGBS has an office at 233 S. Wacker Dr., Suite 4030, Chicago, IL 60606.

## **FACTS**

7.      LGBS called plaintiff numerous times on her cell phone using a predictive dialer in 2008.

8.      LGBS also repeatedly called a cell phone in plaintiff's daughter's name that plaintiff paid for, that was carried by her minor daughter. These calls were in 2007.  Plaintiff's daughter was approximately fourteen years old at the time of the calls.

9.      On July 31, 2008, plaintiff's car was "booted", and plaintiff provided her cell phone number to LBGS because she was at the courthouse waiting for LBGS to fax papers that would permit her to have the boot removed.  Plaintiff did not intend to provide consent for defendant to call her using an autodialer, and certainly not to use a prerecorded message.  She provided the phone number to facilitate the faxing of the document.

10.      The predictive dialer LGBS used to call plaintiff had the capacity to dial numbers without human intervention.

11.      LGBS called numerous times and left voice mail messages on both numbers using a prerecorded and/or artificial voice message.

12.      Some or all of the prerecorded voice messages left for plaintiff stated the following:

> **This is a very important message for Marisa Baldwin [sic].  Please contact the law firm of Linebarger Goggan Blair and Sampson toll-free at 866-391-3975.**

13.      The above message were wholly prerecorded or artificial.

14.     Plaintiff's name and the telephone number were electronically "inserted" in a manner similar to that of a mail merge.  The remainder of the message is a prerecorded "form" that, upon information and belief, LGBS uses or used for many calls.

15.     The calls to plaintiff were regarding an alleged City of Chicago parking ticket debt.

16.     All of the calls complained of herein were made within four years of the filing of the complaint in the Circuit Court of Cook County on August 6, 2009, case no. 2009 CH 27429. The case has since been removed.

17.     Upon information and belief, LGBS called more than 500 persons using the telephone system it used to call plaintiff.

18.     Upon information and belief, LGBS called more than 100 persons' cell phones using the telephone system it used to call plaintiff.

19.     Upon information and belief, LGBS left prerecorded messages substantially similar to that which it left for plaintiff (but for the debtor's name) on the voice mails of more than 500 persons in connection with City of Chicago parking tickets since August 6, 2005.

20.     Upon information and belief, more than LGBS left messages substantially similar to that which it left for plaintiff (but for the debtor's name) on the voice mails of more than 100 persons' cell phones in connection with City of Chicago parking tickets.

21.     All of the calls complained of herein were made within four years of the filing of the complaint in the Circuit Court of Cook County on August 6, 2009, case no. 2009 CH 27429. The case has since been removed.

### COUNT I - TCPA  – Class Claim - Negligent Violations

22.     Plaintiff incorporates all previous paragraphs.

3

23.     The Telephone Consumer Protection Act, 47 U.S.C. 227 restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice."  TCPA, §227(b)(A)(iii).

24.     Defendant made multiple telephone calls to plaintiff's cell phone using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA.

25.     The complained of conduct was negligent, widespread and systematic.

## CLASS ALLEGATIONS

26.     Plaintiff brings Counts I and II on behalf of a class.  The class is defined as:

**All persons wherever located (a) to whom LGBS; (b) made a call to the person's cellular telephone; (c) through use of an automatic telephone dialing system, and\or using an artificial or pre-recorded voice; (d) concerning a City of Chicago parking ticket; and (e) the call was made at any time on or after August 6, 2005.**

27.     Upon information and belief, there are more than 50 members of the proposed class and subclasses; sufficient to make joinder impracticable and to satisfy the numerosity requirement.

28.     Defendant treated each class member identically because it used the same messages and equipment with respect to all of them.  Therefore common issues of fact and law predominate over any questions affecting only individual members.

29.     Plaintiff has retained Burke Law Offices, LLC a Chicago law firms that has consumer class action litigation experience, as counsel.   Ms. Woodhouse and Burke Law Offices, LLC will fairly and adequately protect the interests of the class.

30.     In light of the numerosity of class members, the commonality of issues of law and fact among class members, and the representative nature of Plaintiff's claim, a class action is an appropriate method for the fair and efficient adjudication of the controversy.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

a.     Statutory damages;

b.     Any other relief the court deems proper.

**COUNT II – TCPA – Class Claim - Willful Violations**

31.     Plaintiff incorporates all previous paragraphs of this complaint.

32.     As an alternative to the allegations in Count II, the violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, identified above were willful.

33.     The class is identical and overlapping with the negligent TCPA class.  The class is defined in paragraph 26.

34.     Plaintiff and the class are entitled to treble damages in the case that the violations are found to have been be willful.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and the class and against defendant for:

a.     Statutory damages;

b.     Any other relief the Court deems fit.


Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARISA WOODHOUSE, on behalf of herself | ) | |
| and others similarly situated, | ) | |
| Plaintiffs, | ) | 09 C 5593 |
| | ) | |
| v. | ) | Judge Pallmeyer |
| | ) | |
| LINEBARGER GOGGAN | ) | |
| BLAIR & SAMPSON, LLP, | ) | |
| Defendant. | ) | |

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**CERTIFICATE OF SERVICE**

Alexander H. Burke certifies that this document was served upon all parties of record through the ECF system for the Northern District of Illinois.

/s/Alexander H. Burke