**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARISA WOODHOUSE, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09 C 5593 |
| LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, | ) ) ) | Judge Pallmeyer |
| Defendant. | ) ) | |

**MOTION TO DISMISS SECOND AMENDED COMPLAINT**

NOW COMES the Defendant, LINEBARGER GOGGAN BLAIR & SAMPSON, LLP ("LGBS") by and through its undersigned attorneys, and pursuant to FRCP 12(b)(6), moves this Honorable Court to issue an order dismissing Plaintiff's Second Amended Complaint, or in the alternative, requiring Plaintiff to provide a more definite statement in support of her Second Amended Complaint pursuant to FRCP 12(e) with regard to the dates of the cell phone calls that are subject to this lawsuit as previously ordered by this Court, and in support states the following:

**I. Introduction**

1.     Plaintiff Marisa Woodhouse has brought a two count class action complaint to redress purported negligent and wilful violations violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  *See* Exhibit A, Second Amended Complaint ¶¶ 1, 14-22 (Count I), 23-26 (Count II).

2.     Previously this Court granted and denied in part LGBS's Motion for a More Definate Statement.  In relevant part, the Court held as follows:  "Plaintiff will file an Amended Complaint identifying the first date on which she received an unconsented-to call to her cell phone, and the date, if any, on which such calls ended."  See Minute Order of October 9, 2009.

Thereafter, Plaintiff sought certain telephone records and files two unopposed motions to extend the time to file an Second Amended Complaint ("SAC") and filed the SAC on November 20, 2009. Thereafter, Defendant was granted unopposed motions to extend the time to respond to the SAC. Most recently, counsel for Plaintiff agreed to an additional extension to file the present motion what was not subject to and agreed motion.

## II. <u>The Allegations of The Second Amended Complaint</u>

3.      Plaintiff alleges that the TCPA restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artifical or prerecorded voice." SAC ¶ 15, citing § 227(b)(A)(iii) of the TCPA.

4.      Contrary to this Court's October 9, 2009 Minute Order, the SAC does not identify the first date on which she received an unconsented-to call to her cell phone. Plaintiff should be required to comply with the Court's Order. *See* Section III-C.

5.      Additionally, the SAC does not identify, the date, if any, on which such calls ended. Rather, Plaintiffs broadly alleges that "LGBS called plaintiff numerous times on her cell phone using a predictive dialer in 2008." SAC ¶ 7. Plaintiff adds a new twist to the SAC by claiming that LGBS "also repeatedly called a cell phone in plaintiff's daughter's name . . . . These calls were in 2007." SAC ¶ 8. As discussed below, Plaintiff lacks standing to assert claims for her daughter. *See* Section III-A.

6.      Finally, while Plaintiff admits that she provided LGBS with her cell phone number on July 31, 2008, she claims that she "did not intend to provide consent for defendant to call her using an autodialer, and certainly not a prerecorded message. She provided the phone number to facilitate the faxing of the document." SAC ¶ 9. As discussed below, this Court should dismiss any claims on or after July 31, 2008, after Plaintiff admittedly provided her cell phone to LGBS and consented to being called on her cell phone. *See* Section III-B.

6516542v1 903776  7791

### III. Argument

**A.     Plaintiff Lacks Standing to Assert a Claim For Her Daughter's Cell Phone**

7.     Aspects of the SAC related to Plaintiffs' daughter's cell phone should be dismissed because Plaintiff does not have standing to assert claims on her own behalf for calls allegedly placed to what she claims was her daughter's cell phone.

8.     It is axiomatic that a complaint must demonstrate "more than the mere possibility of misconduct" for a plaintiff to establish a viable claim. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (citing Fed. Rule Civ. Proc. 8(a)(2)). Here, the express terms of the TCPA do not provide a person with a cause of action to assert a claim for calls to someone else's cell phone, even where the individual is a minor and the parent paid for.  Further, no reported decision has held that a plaintiff in a TCPA claim has standing to assert a claim for calls to someone else's cell phone, even where the individual is a minor and the parent paid for the phone.

9.     While no reported decision has addressed this issue, the court in *Kopff v. World Research Group, LLC*, 568 F.Supp.2d 39, 42 (D.C. 2008) held that an administrative assistant lacked standing to assert a claim for unsolicited facsimile advertisements under § 227(b)(1)(C) of the TCPA where the facsimiles were addressed to the president of the company that employed the assistant.  Here, the facts alleged are very similar to *Kopff* – the alleged telephone call was directed or "addressed" to Plaintiff notwithstanding the fact that call (allegedly) was received by Plaintiff's daughter's cell phone.  It would make no sense for Plaintiff to now argue that her daughter was called in relation to her debt.[1]

10.     For these reasons, this Court should dismiss any claims predicated on telephone calls to Plaintiff's daughter's cell phone.[2]

---

[1]     Apparently, Plaintiff at some point in time provided her daughter's cell phone to Defendant or she called Defendant on her daughter's phone and Defendant picked up her daughter's cell phone number.

[2]     Whether Plaintiff's daughter can be added to this suit under these or other facts is a separate

6516542v1 903776  7791

**B.     Plaintiff Consented to Calls to Her Cell Phone On and After July 31, 2008**

11.     On July 31, 2008, Plaintiff admittedly provided her cell phone to LGBS and consented to being called on her cell phone.  SAC ¶ 9.

12.     The Federal Communications Commission ("FCC") has specifically held "the TCPA . . .  provides an exception for autodialed and prerecorded message calls . . . with the prior express consent of the called party."  In relevant part, the FCC Declaratory Ruling, of January 4, 2008 states as follows:

> 9.   Although the TCPA generally prohibits autodialed calls to wireless phones, it also provides an exception for autodialed and prerecorded message calls for emergency purposes or made with the prior express consent of the called party.   Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible.  We conclude that the provision of a cell phone number to a creditor, *e.g.,* as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt. In the *1992 TCPA Order*, the Commission determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary."  The legislative history in the TCPA provides support for this interpretation. Specifically, the House report on what ultimately became section 227 states that:
>
>> [t]he restriction on calls to emergency lines, pagers, and the like does not apply when the called party has provided the telephone number of such a line to the caller for use in normal business communications.

*See* Exhibit B.

13.     Plaintiff has tried to avoid this Ruling by claiming that she merely provided her cell phone number "because she was at the courthouse waiting for LBGS to fax papers that would permit her to have the boot removed."  SAC ¶ 9.  She also alleges that she "did not *intend* to provide consent for defendant to call her using an autodialer, and certainly not a prerecorded

matter not presently at issue.

message." *Id*. (emphasis supplied).   She concludes by reemphasizing that "[s]he provided the phone number to facilitate the faxing of the document." *Id*.

14.    It is axiomatic that a plaintiff can plead his or her way out of court by alleging too much.  Here, Plaintiff has pled too much in an effort to *avoid* the fact that she provided her cell phone number to LBGS "in connection with an existing debt."   Under the terms of the FCC Declaratory Ruling, she consented to being called on her cell phone.  *See* Declaratory Ruling ("Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party are made with the "prior express consent" of the called party, we clarify that such calls are permissible.").  Significantly, the FCC found that simply providing an number with regard to a credit *application* constituted express consent to be called at a later date when the consumer (presumably) was in default.   Here, Plaintiff provided her number in relation to an existing debt, a debt that resulting in her car being "booted."  Put another way Plaintiff provided express consent in relation to an event (booting) that is more closing linked to her existing debt than a mere credit application.

15.    In response to Plaintiff's actions, LGBS ordered the boot released. Plaintiff obtained a benefit from this act and cannot now argue that she could not be called after she failed to live up to her debt obligations.

16.    Significantly, Plaintiff does not allege that she instructed LGBS that she was instructing LGBS to only calling her on her cell phone in relation to releasing the boot from her car and at not time in the future.   *See e.g.,* FCC Declaratory Ruling ("the Commission determined that 'persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, *absent instructions to the contrary*.'" (emphasis supplied).)  Thus, absent properly pled limiting instructions, Plaintiff's

claims should be dismissed. *See, e.g., Bell Atlantic v. Twombly*, 550 U.S. 554, 588 n.8 ("It is not, however, proper to assume that the Union can prove facts that it has not alleged").

17.     Finally, from a public policy standpoint it would be improper for this Court to accept Plaintiff's argument that she was implicitly limiting her consent to being called on her cell phone solely in relation to releasing the boot from her car.  At present, a reliable report cited by the Department of Health and Human Services provides that "nearly one out of every six American homes (15.8%) had only wireless telephones during the second half of 2007." *See* http://www.cdc.gov/nchs/data/nhis/earlyrelease/wireless200805.htm (last access on 12/16/09) attached as Exhibit C.

18.     That being the case, is it proper for a person who may lack a land line to sue for debt collections when that person expressly provided her number in relation to an effort get out of the consequences of the debt (here a boot)?  The answer is no, especially where the debtor obtained a benefit and a reprieve from her debt – the removal of a boot.  Since Plaintiff does not allege that she withdrew her consent at any time prior to filing this suit, she cannot content that her consent was limited to releasing her boot.

19.     For these reasons, this Court should dismiss any claims on or after July 31, 2008, the date that Plaintiff admittedly provided her cell phone to LGBS and consented to being called on her cell phone.

### C.     Motion For A More Definate Statement

20.     Federal Rule of Civil Procedure Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleadings is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

6516542v1 903776  7791

21.     A court should grant motion for a more definite statement where a plaintiff fails to provide "allegations that would enable the Defendant to properly answer the allegation."  *See, e.g., Garrett v. Empire Cooler Service, Inc.*, 2004 WL 2011399 (N.D. Ill. 2004).

22.     By failing to identify any firm beginning or ending dates to the alleged phone calls, Plaintiff has failed to comply with the Court's Order, and in doing so, LGBS has been deprived of adequate notice of the claims against it.  LGBS should not be required to guess when responding to the SAC.  *See, e.g., Bowers v. Crystal Valley, R.V.*, 1996 WL 169415, *1 (N.D. Ill. 1996) ("Just as you cannot win a game of poker by telling your opponents that somewhere within the fifty-two cards lurks a winning Royal Flush.").

23.     Accordingly, pursuant to FRCP 12(e), this Court should require Plaintiff to comply with the terms of its October 9, 2009 minute order and provide a more definite statement pursuant to F.R.C.P. 12(e) which identified the start date and end date of any calls which she believes violated the TCPA.

WHEREFORE, for the reasons set forth above, Defendant, LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, requests this Honorable Court issue an order dismissing Plaintiff's Second Amended Complaint, or in the alternative, requiring Plaintiff to provide a more definite statement in support of her Second Amended Complaint pursuant to FRCP 12(e) with regard to the dates of the cell phone calls.

Respectfully submitted,

/s/ James C. Vlahakis

James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
tel: 312-704-3000
jvlahakis@hinshawlaw.com

6516542v1 903776  7791

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on December 16, 2009, I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                    Respectfully submitted,

                                      /s/ James C. Vlahakis
                                      James C. Vlahakis   06230459
                                      Attorney for Defendants
                                      HINSHAW & CULBERTSON LLP
                                      222 North LaSalle, Suite 300
                                      Chicago, IL 60601
                                      tel: 312-704-3000
                                      fax: 312-704-3001
                                      jvlahakis@hinshawlaw.com

6516542v1 903776 7791