**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARISA WOODHOUSE as Next Friend of her Minor Daughter, and on behalf of others similarly situated,<br>Plaintiff,<br><br>v.<br><br>LINEBARGER GOGGAN BLAIR & SAMPSON, LLP,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    09 C 5593<br><br>   Judge Pallmeyer |

**THIRD AMENDED COMPLAINT**

**CLASS ACTION**

1.      Plaintiff Marisa Woodhouse brings this action as next friend of her minor daughter, Britney, to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**JURISDICTION AND VENUE**

2.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1332(d).  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

3.      Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

4.      Marisa Woodhouse is an individual who resides in Cook County with her minor daughter.

5.      Linebarger Groggan Blair & Sampson, LLP ("LGBS") is a limited liability partnership that specializes in collecting debts allegedly owed to municipalities.  According to

its website, www.publicans.com, LGBS has an office at 233 S. Wacker Dr., Suite 4030, Chicago, IL 60606.

## FACTS

1.      LGBS repeatedly called Britney's cell phone in 2007.  At the time of the calls, she was approximately fourteen years old.

2.      Most or all of the calls were made during the day while Britney was in school.

3.      Upon information and belief, these calls began in approximately June 2007, and lasted until December 2007.  Plaintiff is aware of approximately twenty three calls, although there may be other calls that plaintiff is unaware of.

4.      Upon information and belief, the last unconsented-to call was on or about December 6, 2007.  Again, there may have been other calls that plaintiff is not currently aware of.  However, Britney never consented to receive autodialed or prerecorded messages on this phone.

5.      Claims for relief as to calls to any telephone other than the phone referenced in paragraph 1 have been dropped from this case.

6.      The predictive dialer LGBS used to call Britney had the capacity to dial numbers without human intervention.

7.      LGBS called numerous times and left voice mail messages using a prerecorded and/or artificial voice message.

8.      Upon information and belief, based upon recordings of other voice mail messages by defendant, some or all of the prerecorded voice messages left for plaintiff stated substantially the following:

**This is a very important message for Marisa Baldwin [sic].  Please contact the law firm of Linebarger Goggan Blair and Sampson toll-free at 866-391-3975.**

9.      The above message was wholly or partially prerecorded and/or artificial.   In other words, LGBS played a recorded message onto the phone's voice mail, rather than having a human being speak the message.

10.      Plaintiff's name and the telephone number were electronically "inserted" in a manner similar to that of a mail merge.  The remainder of the message is a prerecorded "form" that, upon information and belief, LGBS uses or used for many calls.

11.      The calls were regarding an alleged City of Chicago parking ticket debt.

12.      All of the calls complained of herein were made within four years of the filing of the complaint in the Circuit Court of Cook County on August 6, 2009, case no. 2009 CH 27429. The case has since been removed.

13.      Upon information and belief, LGBS called more than 500 persons using the telephone system it used to call plaintiff.

14.      Upon information and belief, LGBS called more than 100 persons' cell phones using the telephone system it used to call plaintiff.

15.      Upon information and belief, LGBS left prerecorded messages substantially similar to that which it left for plaintiff on the voice mails of more than 500 persons in connection with City of Chicago parking tickets since August 6, 2005.

16.      Upon information and belief, more than LGBS left messages substantially similar to that which it left for plaintiff (but for the debtor's name and other information) on the voice mails of more than 100 persons' cell phones in connection with City of Chicago parking tickets.

17.     Upon information and belief, defendant or some person on behalf of defendant, called Britney using a telephone system that dialed Britney's cell phone number without human intervention, at least on the following dates:

a.   July 2, 2007; voice mail left;

b.    November 5, 2007; voice mail left;

c.   November 6, 2007; voice mail left;

d.   November 7, 2007; voice mail left;

e.   November 8, 2007; voice mail left;

f.   November 10, 2007; voice mail left;

g.   November 13, 2007; voice mail left;

h.   November 14, 2007; voice mail left;

i.   November 15, 2007; voice mail left;

j.   November 16, 2007; voice mail left;

k.   November 19, 2007; voice mail left;

l.   November 20, 2007; voice mail left;

m.  November 21, 2007; voice mail left;

n.   November 23, 2007; voice mail left;

o.   November 26, 2007; voice mail left;

p.   November 27, 2007; voice mail left;

q.   November 28, 2007; voice mail left;

r.   November 29, 2007; voice mail left;

s.   November 30, 2007; voice mail left;

18.     The voice mail defendant left on each of these calls was "prerecorded," in the sense that it came from a recording that had been made ahead of time, rather than a human being speaking the message real-time.

### COUNT I - TCPA  – Class Claim - Negligent Violations

19.     Plaintiff incorporates all previous paragraphs.

20.     The Telephone Consumer Protection Act, 47 U.S.C. 227 restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice."  TCPA, §227(b)(A)(iii).

21.     Defendant made multiple telephone calls to plaintiff's daughter's cell phone using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA.

22.     The complained of conduct was negligent, widespread and systematic.

### CLASS ALLEGATIONS

23.     Plaintiff brings Counts I,  II and III on behalf of a class.  The class is defined as:

**All persons wherever located (a) to whom LGBS; (b) made a call to the person's cellular telephone; (c) through use of an automatic telephone dialing system, and\or using an artificial or pre-recorded voice; (d) concerning a City of Chicago parking ticket; and (e) the call was made at any time on or after August 6, 2005.**

24.     Upon information and belief, there are more than 50 members of the proposed class; sufficient to make joinder impracticable and to satisfy the numerosity requirement.

25.     Defendant treated each class member identically because it used the same messages and equipment with respect to all of them.  Therefore common issues of fact and law predominate over any questions affecting only individual members.

26.     Plaintiff has retained Burke Law Offices, LLC a Chicago law firm that has consumer class action litigation experience, as counsel.   Ms. Woodhouse and Burke Law Offices, LLC will fairly and adequately protect the interests of the class.

27.     In light of the numerosity of class members, the commonality of issues of law and fact among class members, and the representative nature of Plaintiff's claim, a class action is an appropriate method for the fair and efficient adjudication of the controversy.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

    a.     Statutory damages;

    b.     Any other relief the court deems proper.

### COUNT II – TCPA – Class Claim - Willful Violations

28.     Plaintiff incorporates all previous paragraphs of this complaint.

29.     As an alternative to the allegations in Count II, the violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, identified above were willful.  47 U.S.C. § 312(f)(1).

30.     The class is identical and overlapping with the negligent TCPA class in Count I.

31.     Plaintiff and the class are entitled to treble damages in the case that the violations are found to have been be willful.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and the class and against defendant for:

    a.     Statutory damages;

    b.     Any other relief the Court deems fit.

### COUNT III – TCPA – Class Claim - Injunctive Relief

32.     Plaintiff incorporates all previous paragraphs of this complaint.

33.     The TCPA prohibits the use of an automatic dialing system and/or prerecorded or artificial voice messages to make phone calls to cell phones.

34.     The TCPA 47 U.S.C. §227(b)(3), provides a private right of action for injunctive relief.

35.     Defendant has had a pattern and practice of making telephone calls in violation of 47 U.S.C. §227(b), including calls to Marisa Woodhouse, her minor daughter and upon information and belief, others.

36.     Upon information and belief, defendant continues to call cell phones in violation of section 227(b), without regard to the TCPA.

37.     The defendant is likely to continue to violate the TCPA without an order enjoining it from doing so.

38.     Plaintiff brings Count III on behalf of a class pursuant to Fed.R.Civ.P. 23(b)(2), for injunctive relief. Plaintiff requests that the Court permanently enjoin defendant from making calls to cell phones using its dialer, and enjoin defendant from making calls to cell phones using an artificial or prerecorded voice message, unless defendant has demonstrable evidence of prior express consent to do so.

39.     Plaintiffs are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message, adjudicated.

40.     The class definition is identical and overlapping with the TCPA class in Count I.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and the class and against defendant for:

   a.   Statutory damages;

b.  Any other relief the Court deems fit.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com