**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARISA WOODHOUSE as Next Friend of her Minor Daughter, and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiff, | ) Case No.: 09 C 5593 |
| v. | ) ) |
| LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, | ) ) ) Judge: Pallmeyer |
| Defendant. | ) |

**ANSWER TO THIRD AMENDED COMPLAINT**

NOW COMES Defendant, Linebarger, Goggan Blair & Sampson, LLP ("LGBS"), by and through its undersigned attorneys, and for its answer to Plaintiff's Third Amended Complaint, states as follows:

1. Plaintiff Marisa Woodhouse brings this action as next friend of her minor daughter, Britney, to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER:** LGBS admits the above allegations.

**JURISDICTION AND VENUE**

2. This Court has original federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1332(d). Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005).

**ANSWER:** LGBS admits the above allegations.

3. Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**ANSWER:** LGBS admits the above allegations but denies that alleged events or omissions give rise to a claim under the TCPA.

## PARTIES

4. Marisa Woodhouse is an individual who resides in Cook County with her minor daughter.

**ANSWER:** LGBS lacks knowledge or information sufficient to admit or deny the above allegations.

5. Linebarger Groggan Blair & Sampson, LLP ("LGBS") is a limited liability partnership that specializes in collecting debts allegedly owed to municipalities. According to its website, www.publicans.com, LGBS has an office at 233 S. Wacker Dr., Suite 4030, Chicago, IL 60606.

**ANSWER:** LGBS admits that it is a limited liability partnership that specializes in collecting a variety of delinquent accounts, including taxes, fees, fines, tolls, service charges and various other types of local, state and federal receivables, and that its website, www.publicans.com, LGBS has an office at 233 S. Wacker Dr., Suite 4030, Chicago, IL 60606. LGBS denies the remaining allegations.

## FACTS

1. LGBS repeatedly called Britney's cell phone in 2007. At the time of the calls, she was approximately fourteen years old.

**ANSWER:** LGBS objects to the above allegation because no telephone number (or part thereof) is identified by Plaintiff and because Plaintiff has failed to allege sufficient facts to demonstrate that Britney is the owner of the purported cell phone or number associated with the cell phone in question. Subject to and without waiving this objection, LGBS admits that its records demonstrate that it placed certain calls to a number associated with Plaintiff in 2007 and that it is aware that Plaintiff now claims that the number in question is her daughter's cell phone

number. LGBS, however, lacks knowledge or information sufficient to admit or deny the veracity of these contentions or the above allegations.

    2.    Most or all of the calls were made during the day while Britney was in school.

    **ANSWER:**    LGBS objects to the above allegation because no telephone number (or part thereof) is identified by Plaintiff and no dates are identified within this allegation. Subject to and without waiving these objections, LGBS lacks knowledge or information sufficient to admit or deny the above allegations.

    3.    Upon information and belief, these calls began in approximately June 2007, and lasted until December 2007. Plaintiff is aware of approximately twenty three calls, although there may be other calls that plaintiff is unaware of.

    **ANSWER:**    LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff. Subject to and without waiving this objection, LGBS admits that its records demonstrate that it placed certain calls to a number associated with Plaintiff in approximately June 2007, and that the calls may have lasted until December 2007. LGBS, however, lacks knowledge or information sufficient to admit or deny the remaining allegations.

    4.    Upon information and belief, the last unconsented-to call was on or about December 6, 2007. Again, there may have been other calls that plaintiff is not currently aware of. However, Britney never consented to receive autodialed or prerecorded messages on this phone.

    **ANSWER:**    LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff. Subject to and without waiving this objection, LGBS admits that it appears that its last call to the number at issue ceased on or about December 6, 2007. LGBS, however, lacks knowledge or information sufficient to admit or deny the remaining allegations.

5. Claims for relief as to calls to any telephone other than the phone referenced in paragraph 1 have been dropped from this case.

**ANSWER:** LGBS objects to the above allegation because no telephone number (or part thereof) is identified by Plaintiff. Subject to and without waiving this objection, LGBS admits the above allegations.

6. The predictive dialer LGBS used to call Britney had the capacity to dial numbers without human intervention.

**ANSWER:** LGBS objects to the above allegation because no telephone number (or part thereof) is identified by Plaintiff. LGBS objects to the undefined term "predictive dialer." Subject to and without waiving these objections, LGBS admits that its telephone system that called a number associated with Plaintiff had the capacity to dial numbers without human intervention. LGBS denies the remaining allegations not otherwise admitted above.

7. LGBS called numerous times and left voice mail messages using a prerecorded and/or artificial voice message.

**ANSWER:** LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff and no dates are identified within this allegation. Subject to and without waiving these objections, LGBS admits that it called a number associated with Plaintiff and left voice mail messages using a prerecorded and/or artificial voice message.

8. Upon information and belief, based upon recordings of other voice mail messages by defendant, some or all of the prerecorded voice messages left for plaintiff stated substantially the following:

> **This is a very important message for Marisa Baldwin [sic]. Please contact the law firm of Linebarger Goggan Blair and Sampson toll-free at 866-391-3975.**

**ANSWER:** LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff and no dates are identified within this allegation. Subject to and without waiving these objections, LGBS admits that more than one of the prerecorded voice messages left for plaintiff stated what is quoted above.

9. The above message was wholly or partially prerecorded and/or artificial. In other words, LGBS played a recorded message onto the phone's voice mail, rather than having a human being speak the message.

**ANSWER:** LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff and no dates are identified within this allegation. Subject to and without waiving these objections, LGBS admits the above allegations.

10. Plaintiff's name and the telephone number were electronically "inserted" in a manner similar to that of a mail merge. The remainder of the message is a prerecorded "form" that, upon information and belief, LGBS uses or used for many calls.

**ANSWER:** LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff and no dates are identified within this allegation. LGBS further objects to Plaintiff's characterization of the manner in which the alleged calls took place and the use of the quoted phrases "inserted" and "form." Subject to and without waiving these objections, LGBS admits that Plaintiff's name was identified in the subject voice messages and that similar types of messages were provided to other individuals called by LGBS.

11. The calls were regarding an alleged City of Chicago parking ticket debt.

**ANSWER:** LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff and no dates are identified within this allegation. Subject to and without waiving these objections, LGBS admits the above allegations.

12. All of the calls complained of herein were made within four years of the filing of the complaint in the Circuit Court of Cook County on August 6, 2009, case no. 2009 CH 27429. The case has since been removed.

**ANSWER:** LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff and no dates are identified within this allegation. Subject to and without waiving these objections, LGBS admits the above allegations.

13. Upon information and belief, LGBS called more than 500 persons using the telephone system it used to call plaintiff.

**ANSWER:** LGBS objects to the extent that this allegations does not identify any time period. Subject to and without waiving this objection, LGBS admits the above allegations.

14. Upon information and belief, LGBS called more than 100 persons' cell phones using the telephone system it used to call plaintiff.

**ANSWER:** LGBS objects to the extent that this allegations does not identify any time period. Subject to and without waiving this objection, LGBS admits the above allegations.

15. Upon information and belief, LGBS left prerecorded messages substantially similar to that which it left for plaintiff on the voice mails of more than 500 persons in connection with City of Chicago parking tickets since August 6, 2005.

**ANSWER:** On information and belief, LGBS admits the above allegations.

16. Upon information and belief, more than LGBS left messages substantially similar to that which it left for plaintiff (but for the debtor's name and other information) on the voice mails of more than 100 persons' cell phones in connection with City of Chicago parking tickets.

**ANSWER:** LGBS objects to the extent that this allegations does not identify any time period. Subject to and without waiving this objection, on information and belief, LGBS admits the above allegations.

6543200v1 903776 7791

17. Upon information and belief, defendant or some person on behalf of defendant, called Britney using a telephone system that dialed Britney's cell phone number without human intervention, at least on the following dates:

    a. July 2, 2007; voice mail left;

    b. November 5, 2007; voice mail left;

    c. November 6, 2007; voice mail left;

    d. November 7, 2007; voice mail left;

    e. November 8, 2007; voice mail left;

    f. November 10, 2007; voice mail left;

    g. November 13, 2007; voice mail left;

    h. November 14, 2007; voice mail left;

    i. November 15, 2007; voice mail left;

    j. November 16, 2007; voice mail left;

    k. November 19, 2007; voice mail left;

    l. November 20, 2007; voice mail left;

    m. November 21, 2007; voice mail left;

    n. November 23, 2007; voice mail left;

    o. November 26, 2007; voice mail left;

    p. November 27, 2007; voice mail left;

    q. November 28, 2007; voice mail left;

    r. November 29, 2007; voice mail left;

    s. November 30, 2007; voice mail left;

**ANSWER:** LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff. Subject to and without waiving these objections, LGBS admits that phone records demonstrate that calls were placed on the identified

dates. LGBS, however, lacks knowledge or information sufficient to admit or deny whether all of the identified calls were placed without human intervention.

18. The voice mail defendant left on each of these calls was "prerecorded," in the sense that it came from a recording that had been made ahead of time, rather than a human being speaking the message real-time.

**ANSWER:** LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff in this allegation nor are any dates. Subject to and without waiving these objections, LGBS admits the above allegations.

### COUNT I - TCPA — CLASS CLAIM - NEGLIGENT VIOLATIONS

19. Plaintiff incorporates all previous paragraphs.

**ANSWER:** LGBS incorporates all previous paragraphs.

20. The Telephone Consumer Protection Act, 47 U.S.C. 227 restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice." TCPA, §227(b)(A)(iii).

**ANSWER:** LGBS admits that the TCPA, with certain exceptions, restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice."

21. Defendant made multiple telephone calls to plaintiff's daughter's cell phone using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA.

**ANSWER:** LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff in this allegation nor are any dates identified within this allegation. Subject to and without waiving these objections, LGBS admits that it

8

called a number associated with Plaintiff using an automatic telephone dialing service and/or an artificial or prerecorded voice, but denies that it violated the TCPA.

22. The complained of conduct was negligent, widespread and systematic.

**ANSWER:** LGBS denies these compound and undefined allegations.

## CLASS ALLEGATIONS

23. Plaintiff brings Counts I, II and III on behalf of a class. The class is defined as:

**All persons wherever located (a) to whom LGBS; (b) made a call to the person's cellular telephone; (c) through use of an automatic telephone dialing system, and\or using an artificial or pre-recorded voice; (d) concerning a City of Chicago parking ticket; and (e) the call was made at any time on or after August 6, 2005.**

**ANSWER:** LGBS admits that Plaintiff has attempted to asset Counts I, II and III on behalf of a class as defined above.

24. Upon information and belief, there are more than 50 members of the proposed class; sufficient to make joinder impracticable and to satisfy the numerosity requirement.

**ANSWER:** LGBS admits the above allegations.

25. Defendant treated each class member identically because it used the same messages and equipment with respect to all of them. Therefore common issues of fact and law predominate over any questions affecting only individual members.

**ANSWER:** Objection, the above allegations call for a legal conclusion and fail identify all applicable factors necessary to determine whether class certification is appropriate. Subject to and without waiving these objections, LGBS denies the above allegations.

26. Plaintiff has retained Burke Law Offices, LLC a Chicago law firm that has consumer class action litigation experience, as counsel. Ms. Woodhouse and Burke Law Offices, LLC will fairly and adequately protect the interests of the class.

9

**ANSWER:** LGBS admits the first sentence of the above paragraph.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations.

27. In light of the numerosity of class members, the commonality of issues of law and fact among class members, and the representative nature of Plaintiff's claim, a class action is an appropriate method for the fair and efficient adjudication of the controversy.

**ANSWER:** Objection, the above allegations call for a legal conclusion and fail identify all applicable factors necessary to determine whether class certification is appropriate. Subject to and without waiving these objections, LGBS denies the above allegations.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

    a. Statutory damages;

    b. Any other relief the court deems proper.

**ANSWER:** LGBS denies that Plaintiff is entitled to the relief that she seeks.

### COUNT II — TCPA — CLASS CLAIM - WILLFUL VIOLATIONS

28. Plaintiff incorporates all previous paragraphs of this complaint.

**ANSWER:** LGBS incorporates all previous paragraphs.

29. As an alternative to the allegations in Count II, the violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, identified above were willful. 47 U.S.C. § 312(f)(1).

**ANSWER:** LGBS denies the above allegations.

30. The class is identical and overlapping with the negligent TCPA class in Count I.

**ANSWER:** LGBS admits the above allegations.

31. Plaintiff and the class are entitled to treble damages in the case that the violations are found to have been be willful.

**ANSWER:** LGBS denies that the Plaintiff and the class are entitled to treble damages and denies that its alleged conduct was willful.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and the class and against defendant for:

    a.     Statutory damages;

    b.     Any other relief the Court deems fit.

**ANSWER:** LGBS denies that Plaintiff is entitled to the relief that she seeks.

### COUNT III — TCPA — CLASS CLAIM - INJUNCTIVE RELIEF

32. Plaintiff incorporates all previous paragraphs of this complaint.

**ANSWER:** LGBS incorporates all previous paragraphs.

33. The TCPA prohibits the use of an automatic dialing system and/or prerecorded or artificial voice messages to make phone calls to cell phones.

**ANSWER:**

34. The TCPA 47 U.S.C. §227(b)(3), provides a private right of action for injunctive relief.

**ANSWER:** LGBS admits that §227(b)(3) of TCPA provides a private right of action for injunctive relief. LGBS, however, denies that Plaintiff and/or her daughter are entitled to injunctive relief because they lack standing to assert injunctive relief on account of the fact that Plaintiff alleges that LGBS has not called her daughter since December of 2007.

35. Defendant has had a pattern and practice of making telephone calls in violation of 47 U.S.C. §227(b), including calls to Marisa Woodhouse, her minor daughter and upon information and belief, others.

**ANSWER:** LGBS objects to the undefined phrase "pattern and practice." Further, Plaintiff alleges that LGBS has not called her daughter since December of 2007. Subject to and without waiving this objection, denies the above allegations.

36. Upon information and belief, defendant continues to call cell phones in violation of section 227(b), without regard to the TCPA.

**ANSWER:** LGBS denies that Plaintiff and/or her daughter are entitled to injunctive relief because they lack standing to assert injunctive relief. Further, Plaintiff alleges that LGBS has not called her daughter since December of 2007. Accordingly, LGBS is not required to answer this allegation.

37. The defendant is likely to continue to violate the TCPA without an order enjoining it from doing so.

**ANSWER:** LGBS denies that Plaintiff and/or her daughter are entitled to injunctive relief because they lack standing to assert injunctive relief. Further, Plaintiff alleges that LGBS has not called her daughter since December of 2007. Accordingly, LGBS is not required to answer this allegation. To the extent LGBS is required to answer, it denies these allegations.

38. Plaintiff brings Count III on behalf of a class pursuant to Fed.R.Civ.P. 23(b)(2), for injunctive relief. Plaintiff requests that the Court permanently enjoin defendant from making calls to cell phones using its dialer, and enjoin defendant from making calls to cell phones using an artificial or prerecorded voice message, unless defendant has demonstrable evidence of prior express consent to do so.

**ANSWER:** LGBS denies that Plaintiff and/or her daughter are entitled to injunctive relief because they lack standing to assert injunctive relief. Accordingly, LGBS is not required to answer this allegation. To the extent LGBS is required to answer, it denies these allegations.

39. Plaintiffs are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message, adjudicated.

**ANSWER:** LGBS denies that Plaintiff and/or her daughter are entitled to injunctive relief because they lack standing to assert injunctive relief. Accordingly, LGBS is not required to answer this allegation. To the extent LGBS is required to answer, it denies these allegations.

40. The class definition is identical and overlapping with the TCPA class in Count I.

**ANSWER:** LGBS denies these allegations.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and the class and against defendant for:

    a. Statutory damages;

    b. Any other relief the Court deems fit.

**ANSWER:** LGBS denies that Plaintiff is entitled to the relief that she seeks.

WHEREFORE, Defendant Linebarger, Goggan Blair & Sampson, LLP respectfully requests that this Court deny the relief sought in Plaintiff's Complaint, enter judgment in Defendant's favor and against Plaintiff, deny class certification and dismiss the class claims without prejudice, and award Defendant its costs.

Respectfully submitted,

HINSHAW & CULBERTSON LLP


By: s/ James C. Vlahakis

David M. Schultz
James C. Vlahakis
Attorney for Defendant
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
tel: 312-704-3000
fax: 312-704-3001
jvlahakis@hinshawlaw.com

## **AFFIRMATIVE DEFENSES**

1. Any person who consented to being called on their cell phones are not members of the alleged class. *See* 47 U.S.C. § 227(b)(1); Federal Communications Commission Declaratory Ruling, FCC 07-232, ¶ 9.

2. The TCPA regulates calls made to cell phones using an "automatic telephone dialing system," which is defined as: equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. 47 U.S.C. § 227(a). The subject telephone system is not an "automatic telephone dialing system" under the TCPA because the telephone system does not use a "random or sequential number generator" to store or produce telephone numbers. Accordingly, the numbers that are called by Defendant are not generated randomly or sequentially. Because Defendant did not use an "automatic telephone dialing system" within the meaning of the TCPA, Defendant did not violate the TCPA.

3. Plaintiff and her daughter lack standing to assert injunctive relief.

WHEREFORE, Defendant Linebarger, Goggan Blair & Sampson, LLP respectfully requests that this Court deny the relief sought in Plaintiff's Complaint, enter judgment in Defendant's favor and against Plaintiff, deny class certification and dismiss the class claims without prejudice, and award Defendant its costs.

Respectfully submitted,

HINSHAW & CULBERTSON LLP


By: s/ James C. Vlahakis

David M. Schultz
James C. Vlahakis
Attorney for Defendant
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
tel: 312-704-3000
fax: 312-704-3001
jvlahakis@hinshawlaw.com

6543200v1 903776 7791

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 18, 2010 I electronically filed Defendant's Answer to Plaintiff's Third Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

> Counsel for Defendant, Linebarger, Goggan Blair & Sampson, LLP
>
> s/James C. Vlahakis
> James C. Vlahakis
> ARDC No. 6230459
> Hinshaw & Culbertson LLP
> 222 North LaSalle, Suite 300
> Chicago, IL 60601
> tel: 312-704-3000
> fax: 312-704-3001
> jvlahakis@hinshawlaw.com

6543200v1 903776 7791

6543200v1 903776 7791