**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARISA WOODHOUSE, as Next Friend of her Minor Daughter, and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, | ) ) |
| Defendant. | ) |

09 C 5593

Judge Pallmeyer

Magistrate Judge Mason

## PRELIMINARY MOTION FOR CLASS CERTIFICATION

Plaintiff respectfully requests that, pursuant to both Fed.R.Civ.P. 23(b)(2) and 23(b)(3), this Court certify this case as a class action as to the following class of similarly situated persons:

**All persons wherever located (a) to whom LGBS; (b) made a call to the person's cellular telephone; (c) through use of an automatic telephone dialing system, and\or using an artificial or pre-recorded voice; (d) concerning a City of Chicago parking ticket; and (e) the call was made at any time on or after August 6, 2005 and any time on or before December 31, 2007.[1]**

Plaintiff further requests that the Court appoint plaintiff Nicholas Martin as the class representative, and Burke Law Offices, LLC as class counsel.

In further support of this motion, plaintiff states:

1.      This is a Telephone Consumer Protection Act, 47 U.S.C. §227(b) class action alleging that the defendants made illegal autodialed and prerecorded message calls to plaintiff and others' cellular telephones.  Defendant Linebarger Groggan Blair & Sampson, LLP is a debt

---

[1] This class definition is narrower than that alleged in the Third Amended Complaint in that it has an earlier end date.  Previously the class definition went to the "present."  Plaintiff seeks leave to amend the complaint to make this change, which is the result of talks with defense counsel and discovery responses that reveal that the originally proposed class may have been larger than desired.

collection law firm that has an office in Chicago, and was hired by the City of Chicago to collect unpaid tickets.

2.      Plaintiff's minor daughter received approximately nineteen autodialed and prerecorded message calls on her cellular telephone from the defendant.  Although it contests liability, defendant has conceded that the equipment that it used to call plaintiff was an autodialer and prerecorded message system.  <u>Exhibit A</u>, Answer to Third Amended Complaint at ¶¶ 6, 7, 17-18.

3.      Although, as explained below, all requirements of Rule 23 of the Federal Rules of Civil Procedure have been met, plaintiff files this motion in order to avoid the defendant attempting to moot the case through a Rule 68 offer or otherwise, and therefore requests that the Court suspend briefing, permit more discovery and permit plaintiff to supplement this motion before considering the motion.

4.      <u>Numerosity</u>.  Defendant has admitted that it uses an automatic telephone dialing system and prerecorded messages to call debtors, and that it has made many hundreds, even thousands, of such calls, both prerecorded and autodialed.  <u>Exhibit A</u>, answer to Third Amended Complaint at ¶¶ 13-18, Exhibit B at 11.  It is therefore reasonable to infer that defendant made such calls to more than the forty or so people over the year and a half class period required for the numerosity.

5.      <u>Common Questions Predominate</u>.  There exist common questions of law and fact, which predominate over any individual questions.  The common legal question is whether defendant called the class members using an automatic telephone dialing system and/or prerecorded voice message in violation of the TCPA.   Fed.R.Civ.P. 23(a)(2) & 23(b)(3).  The

common factual vein is that defendant used similarly illegal equipment for all of these calls, <u>Exhibit B</u> at 6, and used the same prerecorded message for such calls.  Exhibit A at ¶ 8, 9.

6.    <u>Typicality</u>.  Similarly, the plaintiff's claims are typical of the other class members. Indeed, the defendants called everyone in the class using its autodialer and/or prerecorded voice message.  All of the claims are based upon the same facts and circumstances.  Fed.R.Civ.P. 23(a)(3).

7.    <u>Adequacy</u>.  Plaintiff and counsel will fairly and adequately represent the class. Plaintiff's interests in this litigation are aligned with those of the class, and he has hired a lawyer experienced in class action and consumer litigation.  <u>Exhibit C</u>.  Fed.R.Civ.P. 23(a)(4).

8.    <u>Defendant's Actions Applicable Generally</u>.  The defendants have acted or failed to act on grounds generally applicable to each class member, and it is these generalized actions around which this case revolves.  Defendants called each class member on his or her cellular telephone using an autodialer in order to attempt to collect overdue parking tickets.  Class-wide Injunctive relief under the TCPA 47 U.S.C. §227(b)(3)(A), along with corresponding declaratory relief is therefore appropriate.  Fed.R.Civ.P. 23(b)(2).  All class members would benefit from the cessation of these annoying calls.

9.    <u>Superiority</u>.  It is desirable to have this case litigated as a class action because the class mechanism is superior to individual actions.  Plaintiff is not aware of any other cases alleging similar facts against these defendants; likely because the other members of the class are not aware that their rights have been violated.  Further, a class action is necessary to determine that defendants' conduct is a violation of law and to redress the class members' statutory damages.  Fed.R.Civ.P. 23(b)(3).

10.     Because the prerequisites of Fed.R.Civ.P. 23(b)(2) and 23(b)(3) are satisfied, this Court should certify the class.   Plaintiff will be submitting a memorandum of law in further support of this motion.

WHEREFORE, plaintiff respectfully requests that this Court certify this case as a class action as to the class defined herein, and appoint plaintiff Nicholas Martin as the class representative, and Burke Law Offices, LLC as class counsel.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARISA WOODHOUSE as Next Friend of her Minor Daughter, and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.: 09 C 5593 |
| v. | ) ) | |
| LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, | ) ) ) | |
| Defendant. | ) ) | Judge: Pallmeyer |

## ANSWER TO THIRD AMENDED COMPLAINT

NOW COMES Defendant, Linebarger, Goggan Blair & Sampson, LLP ("LGBS"), by and through its undersigned attorneys, and for its answer to Plaintiff's Third Amended Complaint, states as follows:

1.      Plaintiff Marisa Woodhouse brings this action as next friend of her minor daughter, Britney, to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

**ANSWER:**      LGBS admits the above allegations.

## JURISDICTION AND VENUE

2.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1332(d). Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005).

**ANSWER:**      LGBS admits the above allegations.

3.      Venue is proper because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**ANSWER:**      LGBS admits the above allegations but denies that alleged events or omissions give rise to a claim under the TCPA.

## PARTIES

4.      Marisa Woodhouse is an individual who resides in Cook County with her minor daughter.

**ANSWER:**   LGBS lacks knowledge or information sufficient to admit or deny the above allegations.

5.      Linebarger Groggan Blair & Sampson, LLP ("LGBS") is a limited liability partnership that specializes in collecting debts allegedly owed to municipalities. According to its website, www.publicans.com, LGBS has an office at 233 S. Wacker Dr., Suite 4030, Chicago, IL 60606.

**ANSWER:**   LGBS admits that it is a limited liability partnership that specializes in collecting a variety of delinquent accounts, including taxes, fees, fines, tolls, service charges and various other types of local, state and federal receivables, and that its website, www.publicans.com, LGBS has an office at 233 S. Wacker Dr., Suite 4030, Chicago, IL 60606. LGBS denies the remaining allegations.

## FACTS

1.      LGBS repeatedly called Britney's cell phone in 2007.  At the time of the calls, she was approximately fourteen years old.

**ANSWER:**   LGBS objects to the above allegation because no telephone number (or part thereof) is identified by Plaintiff and because Plaintiff has failed to allege sufficient facts to demonstrate that Britney is the owner of the purported cell phone or number associated with the cell phone in question.  Subject to and without waiving this objection, LGBS admits that its records demonstrate that it placed certain calls to a number associated with Plaintiff in 2007 and that it is aware that Plaintiff now claims that the number in question is her daughter's cell phone

2

number.  LGBS, however, lacks knowledge or information sufficient to admit or deny the veracity of these contentions or the above allegations.

2.      Most or all of the calls were made during the day while Britney was in school.

**ANSWER:**    LGBS objects to the above allegation because no telephone number (or part thereof) is identified by Plaintiff and no dates are identified within this allegation.  Subject to and without waiving these objections, LGBS lacks knowledge or information sufficient to admit or deny the above allegations.

3.      Upon information and belief, these calls began in approximately June 2007, and lasted until December 2007. Plaintiff is aware of approximately twenty three calls, although there may be other calls that plaintiff is unaware of.

**ANSWER:**    LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff.  Subject to and without waiving this objection, LGBS admits that its records demonstrate that it placed certain calls to a number associated with Plaintiff in approximately June 2007, and that the calls may have lasted until December 2007. LGBS, however, lacks knowledge or information sufficient to admit or deny the remaining allegations.

4.      Upon information and belief, the last unconsented-to call was on or about December 6, 2007. Again, there may have been other calls that plaintiff is not currently aware of. However, Britney never consented to receive autodialed or prerecorded messages on this phone.

**ANSWER:**    LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff.  Subject to and without waiving this objection, LGBS admits that it appears that its last call to the number at issue ceased on or about December 6, 2007.  LGBS, however, lacks knowledge or information sufficient to admit or deny the remaining allegations.

5.      Claims for relief as to calls to any telephone other than the phone referenced in paragraph 1 have been dropped from this case.

**ANSWER:**   LGBS objects to the above allegation because no telephone number (or part thereof) is identified by Plaintiff.   Subject to and without waiving this objection, LGBS admits the above allegations.

6.      The predictive dialer LGBS used to call Britney had the capacity to dial numbers without human intervention.

**ANSWER:**   LGBS objects to the above allegation because no telephone number (or part thereof) is identified by Plaintiff.   LGBS objects to the undefined term "predictive dialer." Subject to and without waiving these objections, LGBS admits that its telephone system that called a number associated with Plaintiff had the capacity to dial numbers without human intervention.   LGBS denies the remaining allegations not otherwise admitted above.

7.      LGBS called numerous times and left voice mail messages using a prerecorded and/or artificial voice message.

**ANSWER:**   LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff and no dates are identified within this allegation.   Subject to and without waiving these objections, LGBS admits that it called a number associated with Plaintiff and left voice mail messages using a prerecorded and/or artificial voice message.

8.      Upon information and belief, based upon recordings of other voice mail messages by defendant, some or all of the prerecorded voice messages left for plaintiff stated substantially the following:

> **This is a very important message for Marisa Baldwin [sic]. Please contact the law firm of Linebarger Goggan Blair and Sampson toll-free at 866-391-3975.**

4

**ANSWER:** LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff and no dates are identified within this allegation. Subject to and without waiving these objections, LGBS admits that more than one of the prerecorded voice messages left for plaintiff stated what is quoted above.

9. The above message was wholly or partially prerecorded and/or artificial. In other words, LGBS played a recorded message onto the phone's voice mail, rather than having a human being speak the message.

**ANSWER:** LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff and no dates are identified within this allegation. Subject to and without waiving these objections, LGBS admits the above allegations.

10. Plaintiff's name and the telephone number were electronically "inserted" in a manner similar to that of a mail merge. The remainder of the message is a prerecorded "form" that, upon information and belief, LGBS uses or used for many calls.

**ANSWER:** LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff and no dates are identified within this allegation. LGBS further objects to Plaintiff's characterization of the manner in which the alleged calls took place and the use of the quoted phrases "inserted" and "form." Subject to and without waiving these objections, LGBS admits that Plaintiff's name was identified in the subject voice messages and that similar types of messages were provided to other individuals called by LGBS.

11. The calls were regarding an alleged City of Chicago parking ticket debt.

**ANSWER:** LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff and no dates are identified within this allegation. Subject to and without waiving these objections, LGBS admits the above allegations.

5

12.     All of the calls complained of herein were made within four years of the filing of the complaint in the Circuit Court of Cook County on August 6, 2009, case no. 2009 CH 27429. The case has since been removed.

**ANSWER:**     LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff and no dates are identified within this allegation.  Subject to and without waiving these objections, LGBS admits the above allegations.

13.     Upon information and belief, LGBS called more than 500 persons using the telephone system it used to call plaintiff.

**ANSWER:**     LGBS objects to the extent that this allegations does not identify any time period.  Subject to and without waiving this objection, LGBS admits the above allegations.

14.     Upon information and belief, LGBS called more than 100 persons' cell phones using the telephone system it used to call plaintiff.

**ANSWER:**     LGBS objects to the extent that this allegations does not identify any time period.  Subject to and without waiving this objection, LGBS admits the above allegations.

15.     Upon information and belief, LGBS left prerecorded messages substantially similar to that which it left for plaintiff on the voice mails of more than 500 persons in connection with City of Chicago parking tickets since August 6, 2005.

**ANSWER:**     On information and belief, LGBS admits the above allegations.

16.     Upon information and belief, more than LGBS left messages substantially similar to that which it left for plaintiff (but for the debtor's name and other information) on the voice mails of more than 100 persons' cell phones in connection with City of Chicago parking tickets.

**ANSWER:**     LGBS objects to the extent that this allegations does not identify any time period.  Subject to and without waiving this objection, on information and belief, LGBS admits the above allegations.

17.     Upon information and belief, defendant or some person on behalf of defendant, called Britney using a telephone system that dialed Britney's cell phone number without human intervention, at least on the following dates:

      a.      July 2, 2007; voice mail left;

      b.      November 5, 2007; voice mail left;

      c.      November 6, 2007; voice mail left;

      d.      November 7, 2007; voice mail left;

      e.      November 8, 2007; voice mail left;

      f.      November 10, 2007; voice mail left;

      g.      November 13, 2007; voice mail left;

      h.      November 14, 2007; voice mail left;

      i.      November 15, 2007; voice mail left;

      j.      November 16, 2007; voice mail left;

      k.      November 19, 2007; voice mail left;

      l.      November 20, 2007; voice mail left;

      m.      November 21, 2007; voice mail left;

      n.      November 23, 2007; voice mail left;

      o.      November 26, 2007; voice mail left;

      p.      November 27, 2007; voice mail left;

      q.      November 28, 2007; voice mail left;

      r.      November 29, 2007; voice mail left;

      s.      November 30, 2007; voice mail left;

**ANSWER:**     LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff.   Subject to and without waiving these objections, LGBS admits that phone records demonstrate that calls were placed on the identified

dates.  LGBS, however, lacks knowledge or information sufficient to admit or deny whether all of the identified calls were placed without human intervention.

18.     The voice mail defendant left on each of these calls was "prerecorded," in the sense that it came from a recording that had been made ahead of time, rather than a human being speaking the message real-time.

**ANSWER:**     LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff in this allegation nor are any dates.  Subject to and without waiving these objections, LGBS admits the above allegations.

### COUNT I - TCPA — CLASS CLAIM - NEGLIGENT VIOLATIONS

19.     Plaintiff incorporates all previous paragraphs.

**ANSWER:**     LGBS incorporates all previous paragraphs.

20.     The Telephone Consumer Protection Act, 47 U.S.C. 227 restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice." TCPA, §227(b)(A)(iii).

**ANSWER:**     LGBS admits that the TCPA, with certain exceptions, restricts the making of telephone calls to cellular phones for commercial purposes that are made using "any automatic telephone dialing system or an artificial or prerecorded voice."

21.     Defendant made multiple telephone calls to plaintiff's daughter's cell phone using an automatic telephone dialing service and/or an artificial or prerecorded voice, as proscribed by the TCPA.

**ANSWER:**     LGBS objects to the above allegation because no person or telephone number (or part thereof) is identified by Plaintiff in this allegation nor are any dates identified within this allegation.  Subject to and without waiving these objections, LGBS admits that it

8

called a number associated with Plaintiff using an automatic telephone dialing service and/or an artificial or prerecorded voice, but denies that it violated the TCPA.

22. The complained of conduct was negligent, widespread and systematic.

**ANSWER:** LGBS denies these compound and undefined allegations.

### CLASS ALLEGATIONS

23. Plaintiff brings Counts I, II and III on behalf of a class. The class is defined as:

**All persons wherever located (a) to whom LGBS; (b) made a call to the person's cellular telephone; (c) through use of an automatic telephone dialing system, and\or using an artificial or pre-recorded voice; (d) concerning a City of Chicago parking ticket; and (e) the call was made at any time on or after August 6, 2005.**

**ANSWER:** LGBS admits that Plaintiff has attempted to asset Counts I, II and III on behalf of a class as defined above.

24. Upon information and belief, there are more than 50 members of the proposed class; sufficient to make joinder impracticable and to satisfy the numerosity requirement.

**ANSWER:** LGBS admits the above allegations.

25. Defendant treated each class member identically because it used the same messages and equipment with respect to all of them. Therefore common issues of fact and law predominate over any questions affecting only individual members.

**ANSWER:** Objection, the above allegations call for a legal conclusion and fail identify all applicable factors necessary to determine whether class certification is appropriate. Subject to and without waiving these objections, LGBS denies the above allegations.

26. Plaintiff has retained Burke Law Offices, LLC a Chicago law firm that has consumer class action litigation experience, as counsel. Ms. Woodhouse and Burke Law Offices, LLC will fairly and adequately protect the interests of the class.

6543200v1 903776 7791

**ANSWER:**   LGBS admits the first sentence of the above paragraph.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations.

27.   In light of the numerosity of class members, the commonality of issues of law and fact among class members, and the representative nature of Plaintiff's claim, a class action is an appropriate method for the fair and efficient adjudication of the controversy.

**ANSWER:**   Objection, the above allegations call for a legal conclusion and fail identify all applicable factors necessary to determine whether class certification is appropriate. Subject to and without waiving these objections, LGBS denies the above allegations.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and the class and against defendant for:

    a.   Statutory damages;

    b.   Any other relief the court deems proper.

**ANSWER:**   LGBS denies that Plaintiff is entitled to the relief that she seeks.

### COUNT II — TCPA — CLASS CLAIM - WILLFUL VIOLATIONS

28.   Plaintiff incorporates all previous paragraphs of this complaint.

**ANSWER:**   LGBS incorporates all previous paragraphs.

29.   As an alternative to the allegations in Count II, the violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, identified above were willful. 47 U.S.C. § 312(f)(1).

**ANSWER:**   LGBS denies the above allegations.

30.   The class is identical and overlapping with the negligent TCPA class in Count I.

**ANSWER:**   LGBS admits the above allegations.

31.   Plaintiff and the class are entitled to treble damages in the case that the violations are found to have been be willful.

6543200v1 903776  7791

**ANSWER:**   LGBS denies that the Plaintiff and the class are entitled to treble damages and denies that its alleged conduct was willful.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and the class and against defendant for:

         a.      Statutory damages;

         b.      Any other relief the Court deems fit.

**ANSWER:**   LGBS denies that Plaintiff is entitled to the relief that she seeks.

### COUNT III — TCPA — CLASS CLAIM - INJUNCTIVE RELIEF

32.    Plaintiff incorporates all previous paragraphs of this complaint.

**ANSWER:**   LGBS incorporates all previous paragraphs.

33.    The TCPA prohibits the use of an automatic dialing system and/or prerecorded or artificial voice messages to make phone calls to cell phones.

**ANSWER:**

34.    The TCPA 47 U.S.C. §227(b)(3), provides a private right of action for injunctive relief.

**ANSWER:**   LGBS admits that §227(b)(3) of TCPA provides a private right of action for injunctive relief.  LGBS, however, denies that Plaintiff and/or her daughter are entitled to injunctive relief because they lack standing to assert injunctive relief on account of the fact that Plaintiff alleges that LGBS has not called her daughter since December of 2007.

35.    Defendant has had a pattern and practice of making telephone calls in violation of 47 U.S.C. §227(b), including calls to Marisa Woodhouse, her minor daughter and upon information and belief, others.

**ANSWER:**   LGBS objects to the undefined phrase "pattern and practice."   Further, Plaintiff alleges that LGBS has not called her daughter since December of 2007.   Subject to and without waiving this objection, denies the above allegations.

36.     Upon information and belief, defendant continues to call cell phones in violation of section 227(b), without regard to the TCPA.

**ANSWER:**   LGBS denies that Plaintiff and/or her daughter are entitled to injunctive relief because they lack standing to assert injunctive relief.   Further, Plaintiff alleges that LGBS has not called her daughter since December of 2007.   Accordingly, LGBS is not required to answer this allegation.

37.     The defendant is likely to continue to violate the TCPA without an order enjoining it from doing so.

**ANSWER:**   LGBS denies that Plaintiff and/or her daughter are entitled to injunctive relief because they lack standing to assert injunctive relief.   Further, Plaintiff alleges that LGBS has not called her daughter since December of 2007.   Accordingly, LGBS is not required to answer this allegation.   To the extent LGBS is required to answer, it denies these allegations.

38.     Plaintiff brings Count III on behalf of a class pursuant to Fed.R.Civ.P. 23(b)(2), for injunctive relief. Plaintiff requests that the Court permanently enjoin defendant from making calls to cell phones using its dialer, and enjoin defendant from making calls to cell phones using an artificial or prerecorded voice message, unless defendant has demonstrable evidence of prior express consent to do so.

**ANSWER:**   LGBS denies that Plaintiff and/or her daughter are entitled to injunctive relief because they lack standing to assert injunctive relief.   Accordingly, LGBS is not required to answer this allegation.   To the extent LGBS is required to answer, it denies these allegations.

6543200v1 903776  7791

39.     Plaintiffs are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message, adjudicated.

**ANSWER:**     LGBS denies that Plaintiff and/or her daughter are entitled to injunctive relief because they lack standing to assert injunctive relief.  Accordingly, LGBS is not required to answer this allegation.  To the extent LGBS is required to answer, it denies these allegations.

40.     The class definition is identical and overlapping with the TCPA class in Count I.

**ANSWER:**     LGBS denies these allegations.

WHEREFORE, plaintiff requests that this Court enter judgment for plaintiff and the class and against defendant for:

      a.     Statutory damages;

      b.     Any other relief the Court deems fit.

**ANSWER:**     LGBS denies that Plaintiff is entitled to the relief that she seeks.

WHEREFORE, Defendant Linebarger, Goggan Blair & Sampson, LLP respectfully requests that this Court deny the relief sought in Plaintiff's Complaint, enter judgment in Defendant's favor and against Plaintiff, deny class certification and dismiss the class claims without prejudice, and award Defendant its costs.

6543200v1 903776 7791

Respectfully submitted,

HINSHAW & CULBERTSON LLP


By: s/ James C. Vlahakis

David M. Schultz
James C. Vlahakis
Attorney for Defendant
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
tel: 312-704-3000
fax: 312-704-3001
jvlahakis@hinshawlaw.com

14

## **AFFIRMATIVE DEFENSES**

1.      Any person who consented to being called on their cell phones are not  members of the alleged class.   *See* 47 U.S.C. § 227(b)(1); Federal Communications Commission Declaratory Ruling, FCC 07-232, ¶ 9.

2.      The TCPA regulates calls made to cell phones using an "automatic telephone dialing system," which is defined as: equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. 47 U.S.C. § 227(a).  The subject telephone system is not an "automatic telephone dialing system" under the TCPA because the telephone system does not use a "random or sequential number generator" to store or produce telephone numbers.  Accordingly, the numbers that are called by Defendant are not generated randomly or sequentially.  Because Defendant did not use an "automatic telephone dialing system" within the meaning of the TCPA, Defendant did not violate the TCPA.

3.      Plaintiff and her daughter lack standing to assert injunctive relief.

WHEREFORE, Defendant Linebarger, Goggan Blair & Sampson, LLP respectfully requests that this Court deny the relief sought in Plaintiff's Complaint, enter judgment in Defendant's favor and against Plaintiff, deny class certification and dismiss the class claims without prejudice, and award Defendant its costs.

Respectfully submitted,

HINSHAW & CULBERTSON LLP


By:  s/ James C. Vlahakis

David M. Schultz
James C. Vlahakis
Attorney for Defendant
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
tel: 312-704-3000
fax: 312-704-3001
jvlahakis@hinshawlaw.com

16

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MARISA WOODHOUSE, on behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09-C 5593 |
| LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, | ) ) ) | Judge Pallmeyer |
| Defendant. | ) ) | |

<u>**DEFENDANT'S RESPONSES TO PLAINTIFFS ' REQUESTS FOR ADMISSION**</u>

NOW COMES the Defendant, LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

("LGBS"), by and through its undersigned attorneys, and for its responses to Plaintiffs' Requests

for Admission, states the following:

<u>**General Objections**</u>

LGBS objects to these Requests to the extent they is not limited to telephone calls made

by Defendant's Chicago office and because they are not limited in time.

1.      LGBS records some telephone calls it makes.

<u>Answer</u>:      Objection, the term "some" is not defined.  Subject to this objection and the above general objections, LGBS admits that after April 2007 some calls were not recorded

2.      LGBS uses an automatic dialing system to dial some telephone calls to debtors.

<u>Answer</u>:      Objection, the term "some" is not defined.  LGBS also objects to the undefined term "debtor."  Subject to these objections and the above general objections, LGBS admits that since April 2007 it has used an automatic dialing system to make telephone calls to some, but not all, so-called "debtors."

3.      You use an automatic dialing system to make all telephone calls to debtors.

<u>Answer</u>:      Objection, the term "debtor" is undefined.  Subject to this objection and above general objections, LGBS denies that it uses an automatic dialing system to make all telephone calls to all so-called "debtors."

4.      You use a prerecorded voice on some telephone calls you make to debtors.

<u>Answer</u>:      Objection, the term "some" is not defined.  LGBS also objects to the undefined term "debtor."  Subject to these objections and the above general objections, LGBS admits that it uses a prerecorded voice on some, but not all, telephone calls to so-called "debtors."

5.      You called plaintiff using an automatic dialing system.

<u>Answer</u>:      LGBS objects to this request because it assumes that LGBS made calls to a cellular telephone which was "plaintiff's."  Further, the Third Amended Complaint does not allege that LGBS called Plaintiff in the manner alleged above.  Subject to these objections, LGBS admits that some telephone calls by which it was attempting to contact the Plaintiff were made using an automatic telephone dialing system.

6.      You called plaintiff's cellular telephone using an automatic dialing system.

<u>Answer</u>:      LGBS objects to this request because it assumes that LGBS made calls to a cellular telephone which was "plaintiff's."  Further, the Third Amended Complaint does not allege that LGBS called Plaintiff in the manner alleged above.  Subject to these objections, LGBS admits that some telephone calls by which it was attempting to contact the Plaintiff were made using an automatic telephone dialing system.

7.      Some or all of your telephone calls to plaintiff were made with an automatic-telephone dialing system and/or an artificial or prerecorded voice.

<u>Answer</u>:      Objection, the term "some" is not defined and this Request is compound in nature.  Further, LGBS objects to the extent that this Request assumes that LGBS made calls to a cellular telephone which was "plaintiff's."  Further, the Third Amended Complaint does not allege that LGBS called Plaintiff in the manner alleged above.  Subject to these objections, LGBS admits that some telephone calls by which it was attempting to contact the Plaintiff were made using an automatic telephone dialing system and that some of those calls used an artificial or prerecorded voice.

8.      Your telephone system has the capacity to call the capacity to dial telephone numbers without human intervention.

<u>Answer</u>:      Subject to the above general objections, LGBS admits that its telephone system is able to make telephone calls without human intervention once programmed by humans.

9.      You called plaintiff using a telephone system that has the capacity to dial telephone numbers without human intervention.

<u>Answer</u>:      LGBS objects to the extent that this Request assumes that LGBS made calls to a cellular telephone which was "plaintiff's."  Further, the Third Amended

2

Complaint does not allege that LGBS called Plaintiff in the manner alleged above. Subject to these objections, LGBS admits that some of the telephone calls by which it was attempting to contact the Plaintiff were made using a system that had the capacity to dial telephone numbers without human intervention once the system was programmed by humans.

10.     At least one telephone call you made to plaintiff was made without a human dialing the telephone number.

Answer:       LGBS objects to the extent that this Request assumes that LGBS made calls to a cellular telephone which was "plaintiff's."   Further, the Third Amended Complaint does not allege that LGBS called Plaintiff in the manner alleged above. Subject to these objections, LGBS admits that at least one telephone calls by which it was attempting to contact the Plaintiff were made using a system without a human dialing the telephone number.

11.     You made over 10,000 telephone calls between August 6, 2005 and August 6, 2009 using an automatic telephone dialing system.

Answer:       Subject to the above general objections, LGBS admits this Request.

12.     You left over 10,000 voice mails between August 6, 2005 and August 6, 2009 using a prerecorded voice message.

Answer:       Subject to the above general objections, LGBS has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny the above request.  Investigation continues.


                              Respectfully submitted,

                              /s/ James C. Vlahakis
                              James C. Vlahakis
                              Attorney for Defendant
                              HINSHAW & CULBERTSON LLP
                              222 North LaSalle, Suite 300
                              Chicago, IL 60601
                              tel: 312-704-3000
                              fax: 312-704-3001
                              jvlahakis@hinshawlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 11, 2010, I served Plaintiff's counsel with a copy of the above document via email delivery.

Respectfully submitted,

<u>/s/ James C. Vlahakis</u>
James C. Vlahakis   06230459
Attorney for Defendants
HINSHAW & CULBERTSON LLP
222 North LaSalle, Suite 300
Chicago, IL 60601
tel: 312-704-3000
fax: 312-704-3001
jvlahakis@hinshawlaw.com

4

6543200v1 903776 7791

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marisa Woodhouse, as next friend of her minor daughter, and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) |
| | ) |
| V. | ) |
| | ) |
| Linebarger Goggan | ) |
| Blair & Sampson, LLP, | ) |
| Defendant. | ) |

09 C 5593

Judge Pallmeyer

Magistrate Judge Mason

**DECLARATION OF ALEXANDER H. BURKE**

I am Alexander H. Burke, manager of Burke Law Offices, LLC.

In September 2008, I opened Burke Law Offices, LLC.  This firm concentrates on consumer class action and consumer work on the plaintiff side.  Since the firm began, it has prosecuted cases for consumers under the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others.  The firm also occasionally accepts mortgage foreclosure defense or credit card defense case.  Except for debt collection defense cases, the firm works almost exclusively on a contingency basis.

My legal career began at Edelman, Combs, Latturner & Goodwin, LLC, in Chicago, Illinois, where I spent nearly three years litigating exclusively consumer cases.  I estimate that approximately sixty-five percent of those cases were class actions.  In 2007, I joined the Law Offices of Keith J. Keogh, Ltd., another consumer rights law firm, where my practice was again limited almost exclusively to consumer class action.

I make substantial efforts to remain current on the law, including class action issues.  I attended the National Consumer Law Center Consumer Rights Litigation Conference in 2006, 2007, 2008 and 2009, and was an active participant in the Consumer Class Action Intensive Symposium at each of those conferences.  In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference.  In addition to regularly attending Chicago Bar Association meetings and events, I am the vice-chair of the Chicago Bar Association's consumer protection section, and in November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

Some notable class actions that I have worked on include:

_Donnelly v. NCO Financial Systems, Inc._, --- F.R.D. ----, 2009 WL 5551377 (N.D.Ill. Dec. 16, 2009) Fed.R.Civ.P. 72 objections overruled in toto, --- F.Supp.2d ----, 2010 WL 308975 (N.D.Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided favorably to class); _Cicilline v. Jewel Food Stores, Inc.,_ 542 F.Supp.2d 831 (N.D.Ill. 2008) (FCRA class certification granted); 542 F.Supp.2d 842 (N.D.Ill. 2008) (plaintiffs' motion for judgment on pleadings granted); _Harris v. Best Buy Co.,_ 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D.Ill. March 20, 2008) (Class certification granted); _Matthews v. United Retail, Inc.,_ 248 F.R.D. 210 (N.D.Ill. 2008) (FCRA class certification granted); _Redmon v. Uncle Julio's, Inc.,_ 249 F.R.D. 290 (N.D.Ill. 2008) (FCRA class certification granted); _Harris v. Circuit City Stores, Inc.,_ 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. Feb. 7,2008) (FCRA class certification granted); aff'd upon objection (Mar. 28, 2008); _Harris v. Wal-Mart Stores, Inc.,_ 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct. 10, 2007) (motion to dismiss in putative class action denied); _Barnes v. FleetBoston Fin. Corp.,_ C.A. No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D.Mass. Aug. 22, 2006) (appeal bond required for potentially frivolous objection to large class action settlement, and resulting in a $12.5 million settlement for Massachusetts consumers); _Longo v. Law Offices of Gerald E. Moore & Assocs.,_ P.C., 04 C 5759, 2006 U.S. Dist. LEXIS 19624 (N.D.Ill. March 30, 2006) (class certification granted); _Nichols v. Northland Groups, Inc.,_ case nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D.Ill. March 31, 2006) (class certification granted for concurrent classes against same defendant for ongoing violations); _Lucas v. GC Services, L.P.,_ case No. 2:03 cv 498, 226 F.R.D. 328 (N.D.Ind. 2004) (compelling discovery), 226 F.R.D. 337 (N.D.Ind. 2005) (granting class certification); _Murry v. America's Mortg. Banc, Inc.,_ case nos. 03 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May  5, 2006) (Report and Recommendation granting class certification), aff'd, 2006 WL 1647531 (June 5, 2006); _Rawson v. Crediqy Receivables, Inc.,_ case no. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

I graduated from Colgate University in 1997 (B.A. International Relations), and from Loyola University Chicago School of Law in 2003 (J.D.).  During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois and was a research assistant to adjunct professor Honorable Michael J. Howlett, Jr.

I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

I became licensed to practice law in the State of Illinois in 2003, and am a member of the bar of the United States Court of Appeals for the Seventh and First Circuits, as well as the Northern District of Illinois, Central District of Illinois, Southern District of Illinois, Eastern District of Wisconsin, Northern District of Indiana and Southern District of Indiana.  I am also an

active member of the Chicago Bar Association, Illinois State Bar Association and the National Association of Consumer Advocates.


       I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


Executed in Chicago, Illinois
March 18, 2010                             /s/Alexander H. Burke